UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | **Case No. 1:06 CV 0938** |
| **Plaintiff,** ) | |
| ) | **Judge KATHLEEN M. O'MALLEY** |
| vs. ) | |
| ) | |
| **DAVID A. DADANTE, and** ) | |
| **IPOF FUND,** ) | **Judgment Entry** |
| ) | |
| **Defendants.** ) | |

**JUDGMENT AS TO DEFENDANT IPOF FUND**

This cause coming to be heard on Plaintiff United States Securities and Exchange Commission's ("Commission") Motion For Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Doc. 14) as to Defendant IPOF Fund ("IPOF" or "Defendant"), and the Court, having considered the memorandum in support of the Motion for Judgment and the Receiver's responsive pleading (Doc. 19), and the Court, being fully advised in the premises, finds as follows:

1. This Court has jurisdiction over the subject matter of this case and IPOF.

2. Mark E. Dottore (the "Receiver") is the Court appointed Receiver in Case No. 1:05 CV 2726, *Gordon v. Dadante, et al.,* which involves similar conduct to that which is alleged in the Complaint in this case. In *Gordon v. Dadante, et al.,* the Court has ordered the Receiver, among other things, to collect all assets of any kind of IPOF for the purpose of eventual distribution to the victims of the fraudulent conduct of David A. Dadante and IPOF. The Receiver is currently engaged in the collection and administration of assets of IPOF.

3. On the basis of the pleadings filed by the Commission and the Receiver there is no genuine issue as to the liability of IPOF.  IPOF engaged in transactions, acts, practices and courses of business alleged in the Complaint which constitute violations of the federal securities laws. Specifically, IPOF engaged in transactions, acts, practices and courses of business which constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 [15U.S.C. §77e(a), 77e (c), and 77q (a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. 240.10b-5], and Section 7(a) of the Investment Company Act of 1940 [15 U.S.C. § 80a-7(a)].

4. A final Judgment permanently enjoining IPOF from violating the securities laws set forth herein is necessary and appropriate. Because a Receiver for assets of IPOF is in place, the Commission's request for a final Judgment Order requiring IPOF to disgorge all ill-gotten gains obtained by it as a result of the wrongful conduct set forth in the Complaint, including prejudgment interest, will be deferred for consideration by post-judgment motion if necessary upon conclusion of the Receivership.

Accordingly, the Commission's Motion for Judgment on the Pleadings (Doc. 14) is **GRANTED, IN PART,** as to the liability allegations made against IPOF in the Complaint. It is hereby **ORDERED, ADJUDGED AND DECREED:**

I.

IPOF and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

2

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IPOF and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3

III.

IPOF and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IPOF and its agents, servants, employees, attorneys and those persons in active concert or participation with him who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from violating Section 7(a) of the Investment Company Act [15 U.S.C. § 80a-7(a)] by, directly or indirectly:

 (a) offering for sale, selling or delivering after sale, by the use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is the IPOF Fund or another person; or offering for sale, selling, or delivering after sale any such security or interest, having reason to believe that such security or interest will be made the subject of a public offering by the use of the mails or any means or instrumentality of interstate commerce; or

 (b) purchasing, redeeming, retiring, or otherwise acquiring or attempting to acquire, by the use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is the IPOF Fund or another person; or

 (c) controlling any investment company which does any of the acts enumerated in (a) or (b) above; or

 (d) engaging in any business in interstate commerce.

Judgment is entered accordingly, with costs to be borne by Plaintiff. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and consideration of any post-Judgment motion as provided herein.

           **s/Kathleen M. O'Malley**
           **KATHLEEN McDONALD O'MALLEY**
           **UNITED STATES DISTRICT JUDGE**

**Dated: April 20, 2007**